UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY E. LOCKETT,

    Petitioner,

v.                                                    Case No. 8:09-cv-1037-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Lockett petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for two counts of kidnapping and eleven counts of sexual battery, for which he serves consecutive life sentences. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 16) Both Lockett and the respondent agree that the petition is time-barred.

    The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C.

§ 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Lockett's conviction was final in 1986, before the enactment of these provisions. Consequently, Lockett's limitation started when the limitation provision was enacted, April 24, 1996, *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000), and expired one year later absent tolling for a state post-conviction proceeding. Lockett admittedly commenced no timely state post-conviction proceeding that would qualify for tolling of the federal limitation. However, Lockett filed a motion to correct an illegal sentence in 2001, which concluded in 2002. He filed another motion to correct an illegal sentence in 2004, which concluded in 2006. Two subsequent Rule 3.850 motions for post-conviction relief, filed in 2006 and 2007, were rejected as time-barred. Lockett concedes that his federal petition is time-barred but argues that he is entitled to equitable tolling of the limitation and that he is actually innocent of the kidnappings and sexual batteries.

In support of equitable tolling, Lockett claims the prosecution committed a fraud on the court. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of

- 2 -

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must meet both requirements, and he controls the first requirement—due diligence—but not the second— extraordinary circumstances. The failure to meet both requirements, especially the one he controls, precludes equitable tolling. "Under long-established principles, petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. But "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 130 S. Ct. at 2566 (internal quotations and citations omitted).

In 1985 a jury found Lockett guilty of committing two kidnappings and eleven sexual batteries as charged in the state's information. In his federal petition Lockett alleges that the prosecutor committed a fraud on the court by falsely swearing that the charging information was based on sworn testimony. Lockett initially presented this claim in his second Rule 3.850 motion for post-conviction relief (Respondent's Exhibit 50), which was filed in 2007 and dismissed as time-barred. The district court on appeal affirmed (Doc. 54) the dismissal and cited several cases, the last of which, *Woodson v. State*, 739 So. 2d 1210, 1211 (3rd DCA 1999), is particularly applicable:

> Woodson maintains that the state's information in this case was invalid because it was not based upon sworn statements made by material witnesses as required by rule 3.140 Florida Rules of Criminal Procedure. We find, however, that this issue was not preserved for appellate review, where it was not raised in a pretrial motion to dismiss or by objection.

Lockett provides no explanation for the twenty-two year delay between his 1985 conviction and his 2007 second Rule 3.850 motion for post-conviction. As a consequence, Lockett fails to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Lockett is not entitled to equitable tolling.

Lockett also argues that he is actually innocent of his crimes. Actual innocence is not a separate claim that challenges the conviction, but a "gateway" through which a defendant may pass to assert a constitutional challenge to the conviction. In other words, actual innocence is a gateway that permits the review of time-barred or procedurally barred federal claims. Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The new evidence must show that, in fact, Lockett did not commit the offense. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In his reply (Doc. 21 at 6) Lockett recognizes *Bousley*'s requirement of showing factual innocence.

The new evidence must compel a finding of not guilty. "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new

- 4 -

evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Lockett's claim of actual innocence is based on a DNA expert's opinion (Exhibit F, Doc. 21-2), which challenges some of the conclusions reached by the state's expert witness at Lockett's 1985 trial. The DNA expert's opinion is apparently based on a review of the original forensic reports because, when the DNA expert offered his opinion twenty years later, no original DNA evidence existed because in 1995 the state had complied with a court order to destroy the evidence.[*] As a consequence, Lockett has no DNA evidence to support his claim of actual innocence.

Lockett's claim of actual innocence is also based on the affidavit of an alibi witness (Exhibit K, Doc. 21-3) who attests that she and her husband were with Lockett the night of the crimes. Lockett presented this argument in his first Rule 3.850 motion for post-conviction relief, which was dismissed as untimely. In opposing the motion, the state argued as follows (Respondent's Exhibit 43 at 2-3):

> Lockett's current Motion to Vacate has been filed almost two decades after his conviction and sentence became final. The State Attorney's file has been public record since the conviction became final in 1986. The destruction of the trial evidence has been public record since 1995 and the defendant has

---

[*] In 2002 Lockett moved for DNA testing. In 2003 the state circuit court denied the motion finding that "the evidence Defendant seeks to have tested no longer exists. The destruction of the evidence was lawful and was not done in bad faith." (Respondent's Exhibit 18 at 2)

>personally known about the destruction since at least January of 2003 when it was disclosed in the course of litigating his 3.853 Motion for DNA testing.
>
>Lockett's Motion makes only a conclusory claim that newly discovered evidence in the form of the "testimony" of Dola Coleman was unknown to the defendant "at the time of trial" and could not have been discovered by due diligence, yet provides no underlying factual basis for concluding her testimony could not have been discovered prior to the last two years. Oddly, this is not "newly discovered" evidence which supports his previously asserted alibis, but a wholly novel claim as to his whereabouts which is irreconcilable with any of the various alibis he claimed either at the time of the crime or in his sworn affidavit in 2002.
>
>In fact the Motion does not specifically allege when the information was "first" discovered, indicating only that Ms. Coleman was "recently" found during a "followup" post-conviction investigation. No factual basis is provided for how after 20 years Ms. Coleman remembers the exact date of the incident or why, if she was aware of the prosecution, she failed to come forward. Since the defendant's whereabouts is something that should be within his personal knowledge, greater detail should be required than a bare allegation that the evidence could not have been discovered at the time of trial.
>
>Similarly, the defense has failed to acknowledge, much less explain, the fact that this newly discovered "testimony" is irreconcilable with the defendant's statements to police and with the detailed sworn affidavit filed by him as an attachment to his 2002 Motion for DNA testing. Curiously, Dola Coleman's testimony is also wholly incompatible with his current claim of being in the Kennedy residence at the time of the abduction.

Undoubtedly Lockett knew at the time of his trial where he was—with this affiant or elsewhere—on the night of the crimes. If his location was exculpatory, he could and should have presented the evidence to his trial counsel in 1985. Obviously Lockett's alibi is not based on newly discovered evidence that he was precluded from presenting at trial.

Lockett fails to show that he is either entitled to equitable tolling or actually innocent of the kidnappings and sexual batteries. As a consequence, Lockett's petition for the writ of habeas corpus remains time-barred.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk shall enter a judgment against Lockett and close this case.

## CERTIFICATE OF APPEALABILITY
## AND
## LEAVE TO APPEAL IN FORMA PAUPERIS

Lockett is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Lockett must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Lockett cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Lockett is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Lockett must pay the full $455 appellate filing fee without installments unless the circuit court allows Lockett to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on August 24, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE